IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MELISA STEWART,<br><br>                    Plaintiff,<br><br>vs.<br><br>PRECISE PROPERTIES, LLC;<br>HAROLD'S KOFFEE HOUSE, INC.;<br>and JOHN DOES 1-2 INCLUSIVE,<br><br>                    Defendants. | 8:15-CV-376<br><br>MEMORANDUM AND ORDER |

    This matter is before the Court on the defendants' motion for summary judgment (filing 49). The Court will grant the defendants' motion.

## BACKGROUND

    The plaintiff, Melisa Stewart, alleges that she is a qualified individual with a disability under the American with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (ADA). Filing 22 at 1.[1] Defendant Precise Properties, LLC owns property in Omaha, Nebraska, which it leases to defendant Harold's Koffee House. *See* filing 50 at 2. Harold's operates as a restaurant, and is a "place of public accommodation" as defined by the ADA. Filing 50 at 2. For clarity, the Court will refer to the defendants collectively as "Harold's."

    In September 2015, Stewart visited Harold's to "utilize [the] goods and . . . services offered" therein. Filing 50 at 2. However, Stewart had trouble entering the coffee shop, she claims, because the building was not in compliance with ADA Accessibility Guidelines. Filing 50 at 3. Specifically, Stewart alleges numerous statutory violations pertaining to van accessible parking, regular disabled parking, van accessible aisles, signage, bathroom

---

[1] Pursuant to NECivR 56.1, a party moving for summary judgment must include in its brief a statement of material facts about which the movant contends there is no dispute, and the party opposing summary judgment must include in its brief a concise response to that statement of facts, noting any disagreement. Properly referenced material facts in the movant's statement are considered admitted unless controverted in the opposing party's response. NECivR 56.1(b)(1). Because Stewart did not controvert any of the defendants' statement of material facts, *see* filing 53, the defendants' statement of undisputed material facts are admitted. *See Jones v. United Parcel Serv., Inc.*, 461 F.3d 982, 991 (8th Cir. 2006).

signage, and restroom grab bars. Filing 50 at 3-4. Stewart seeks injunctive relief directing Harold's to make its facility accessible. Filing 22 at 6-7.

Following the initiation of this litigation, Harold's hired an architect to inspect its property for ADA compliance. Filing 50 at 5. That inspection resulted in a series of structural changes which, the defendants contend, remedy nearly all of the violations alleged by Stewart. For example, with respect to parking, Harold's has presented evidence that it created a van accessible parking space that is at least 96 inches wide with a 96-inch access aisle that is "marked with yellow cross hatchings and which does not slope in excess of two percent." Filing 50 at 8. Harold's installed a van accessible sign mounted more than 60 inches above the ground that is visible from the parking space, created a curb ramp connecting the access aisle to the accessible route to the building, repaved the accessible route to the entrance, and removed an awning to provide the full 54 inches of clear maneuvering space. Further, regarding bathroom accessibility, Harold's remounted grab bars around its toilet, retrofitted its bathroom sink to provide compliant knee space, remounted the sink so it is no more than 34 inches above the ground, remounted the mirror so the bottom of the reflecting surface was no higher than 40 inches, and added a sign to the bathroom door noting that it is accessible. Filing 50 at 8-9.

But one issue remains: the restroom at Harold's provides approximately 59 1/4 inches of clear turning diameter, as opposed to the 60 inches required under the ADA Guidelines. Filing 50 at 9. As Harold's points out, though, remedying this issue would require the relocation of a load bearing wall, which it claims is not "readily achievable." Filing 50 at 10. Based on this fact, and in light of the changes described above, Harold's claims that it is in compliance with the ADA, and is therefore entitled to judgment as a matter of law. Filing 49.

## STANDARD OF REVIEW

Summary judgment is proper if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). The movant bears the initial responsibility of informing the Court of the basis for the motion, and must identify those portions of the record which the movant believes demonstrate the absence of a genuine issue of material fact. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). If the movant does so, the nonmovant must respond by submitting evidentiary materials that set out specific facts showing that there is a genuine issue for trial. *Id.*

On a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to

those facts. *Id.* Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the evidence are jury functions, not those of a judge. *Id.* But the nonmovant must do more than simply show that there is some metaphysical doubt as to the material facts. *Id.* In order to show that disputed facts are material, the party opposing summary judgment must cite to the relevant substantive law in identifying facts that might affect the outcome of the suit. *Quinn v. St. Louis County,* 653 F.3d 745, 751 (8th Cir. 2011). The existence of a mere scintilla of evidence in support of the nonmovant's position will be insufficient; there must be evidence on which the jury could conceivably find for the nonmovant. *Barber v. C1 Truck Driver Training, LLC,* 656 F.3d 782, 791-92 (8th Cir. 2011). Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. *Torgerson,* 643 F.3d at 1042.

## DISCUSSION

Harold's contends that because it is now in compliance with the ADA, and because the only relief sought by Stewart is injunctive relief, Stewart's complaint should be dismissed as moot.[2] Stewart has presented no evidence to the contrary. Instead, Stewart simply reiterates that she has alleged "blatant non-compliance with the American[s] with Disabilities Act in numerous paragraphs of the amended complaint, as well as the adverse effect [of the non-compliance]." Filing 53 at 1. But that is not how summary judgment works: a party opposing summary judgment "may not rest upon the mere allegation or denials of h[er] pleading, but must set forth specific facts showing that there is a genuine issue for trial, and must present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Ingrassia v. Schafer,* 825 F.3d 891, 896 (8th Cir. 2016) (quoting *Anderson v. Liberty Lobby,* 477 U.S. 242, 256-57 (1986)) (quotations omitted); *see Adickes v. S. H. Kress & Co.,* 398 U.S. 144, 158-60 (1970).

Stewart further contends that the Court cannot rely on Harold's "unilateral statement of compliance." Filing 53 at 1. To this end, Stewart suggests that whether Harold's has actually corrected the alleged violations is a "question of fact for th[e] Court to decide," and relatedly, that Stewart should have the opportunity "to conduct discovery in order to determine the

---

[2] Harold's also questions whether Stewart has sufficiently alleged standing. Filing 50 at 11. The Court does not consider this issue. The Court recognizes that standing is a jurisdictional prerequisite that should be resolved before reaching the merits of a suit. *City of Clarkson Valley v. Mineta,* 495 F.3d 567, 569 (8th Cir. 2007). But Article III mootness has been characterized as "the doctrine of standing set in a time frame[,]" *Doe v. LaFleur,* 179 F.3d 613, 615 (8th Cir. 1999), and it is also jurisdictional, *Ali v. Cangemi,* 419 F.3d 722, 723-24 (8th Cir. 2005).

- 3 -

exact nature of the violations." Filing 53 at 3, 4. But these arguments fail for two reasons. First, as mentioned above, Stewart has offered no substantive response to Harold's statement of facts, so those facts—including the defendants' statements regarding ADA compliance—are admitted. NECivR 56.1(b)(1). Second, regarding discovery, that deadline has passed. Filing 32. And to the extent that Stewart seeks additional time under Fed. R. Civ. P. 56(d) to gather such facts, she has failed to submit a declaration or affidavit to support that request. *See* Fed. R. Civ. P. 56(d). In any event, even if the Court were to entertain such a request (which Stewart has not made), Stewart "cannot state with specificity what evidence further discovery would uncover." *Anzaldua v. Northeast Ambulance and Fire Protection Dist.*, 793 F.3d 822, 837 (8th Cir. 2015); *see also Robinson v. Terex Corp.*, 439 F.3d 465, 467 (8th Cir. 2006) (the party seeking delay must, in good faith, make a showing that discovery has been inadequate).[3]

  Pursuant to the ADA and its implementing regulations, a parking lot with 10 spaces must have 1 van accessible space with an access aisle. 36 C.F.R. Pt. 1191, App. D § 502, *see* 36 C.F.R. Pt. 1191 App. B § 208.2. An accessible space must be at least 96 inches wide, and the accessible aisle must be at least 60 inches wide. §§ 502.2, 502.3.1. A van-accessible space must be 132 inches wide, except that a van-accessible space may be 96 inches wide if the adjacent access aisle is at least 96 inches wide. § 502.2. The access aisles must not slope in excess of 2 percent. § 503.4. And the parking space must display the symbol of accessibility and an additional sign for van-accessibility must be least 60 inches above the ground. § 502.6. There must be an accessible route to the building entrance. § 402. And there must be no abrupt level changes or excessive sloping on the accessible route to the entrance. § 403.3. The entrance must provide 54 inches of clear maneuvering space. § 404.2.4.1. Further, and relevant to this dispute, grab bars around the toilet must be on the side wall closest to the water closet and rear wall. § 604.5. The bathroom sink must provide compliant knee space and the sink must be no more than 34 inches above the floor. §§ 606.2, 606.3. There must be a sign noting the restroom is accessible located at least 48 inches, but no more than 60 inches, from the ground. § 703.4.1. And a mirror located in a restroom must be no higher than 40 inches above the ground. § 603.3. The affidavits submitted by Harold's, *see*, filing 50-2, filing 50-3, and filing 50-5, and the accompanying photographs of the location, establish compliance with these requirements.

---

[3] Nor, frankly, is it clear why the discovery process would be necessary *at all* for the plaintiff to find evidence of ADA-related deficiencies in public accommodations which are, by definition, public.

Thus, the only remaining ADA-related deficiency pertains to the turning diameter of Harold's restroom, which is 59 1/4 inches as opposed to the required 60 inches. But as Harold's points out, Title III of the ADA—at least in this context—requires barrier removal only if it is "readily achievable," which the statute defines as "easily accomplishable and able to be carried out without much difficulty or expense." *See*, §§ 12182(b)(2)(A)(iv), 12181(9). And here, the only evidence before the Court establishes that the 60-inch turning diameter is not readily achievable as defined by the ADA. Indeed, as architect Larry Fleming averred, the only way to provide the additional 3/4 of an inch would be to relocate a load bearing wall, which is neither easily accomplishable nor able to be carried out without difficulty or expense. Filing 50-5 at 5.

Stewart does not contradict any of the factual representations in the affidavits submitted by Harold's, nor does she identify (much less present evidence of) any specific way in which Harold's remains deficient. *See* filing 53. Moreover, she fails to provide any evidence to rebut Fleming's opinion that the modifications were not readily achievable. Her claim for injunctive relief is, therefore, moot, and the case must be dismissed.[4]

As a final matter, Stewart has also sued two unnamed defendants. Because these defendants are both unnamed and unserved, the motion for summary judgment filed by Harold's does not extend to them. But Stewart alleges no claim against the unnamed defendants that is separate from her claim against Harold's—it is apparent from the evidence that her claim is also moot as to the unnamed defendants. And because mootness relates to the justiciability of a case, the Court is obliged to invoke it *sua sponte*. *Olin Water Servs. v. Midland Research Labs., Inc.*, 774 F.2d 303, 306 n.3 (8th Cir. 1985). Accordingly, the Court will dismiss the case in its entirety.

IT IS ORDERED:

---

[4] Stewart also sought attorney fees, which may be awarded to a prevailing party in an ADA case. 42 U.S.C. § 12205. The record is clear that Harold's retained Larry Fleming to conduct an inspection of property to bring it into ADA compliance, however, it is unclear precisely what prompted that action. And a defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial imprimatur on the change to make the plaintiff a "prevailing party" for these purposes. *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 603-04 (2001). Without a judgment on the merits or a consent decree to create an "alteration in the legal relationship of the parties," an award of attorney fees is unauthorized. *Id.*

1. Precise Properties' and Harold's motion for summary judgment (filing 49) is granted.

2. The plaintiff's complaint is dismissed

3. A separate judgment will be entered.

Dated this 13th day of March, 2017.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge